**SCHEDULED FOR ORAL ARGUMENT ON MAY 8, 2023**

# In the United States Court of Appeals For the District of Columbia Circuit

| | | |
|---|---|---|
| **Jay Kruise,** | ) | |
| | ) | |
| **Appellant** | ) | **No. 22-7143** |
| | ) | |
| **v.** | ) | **September Term, 2022** |
| | ) | |
| **Paul Victor Jorgensen,** | ) | **1:19-cv-00049-DLF** |
| | ) | |
| **Appellee** | ) | |

## Motion to Dismiss Appeal and/or for Other Appropriate Relief

Appellee Paul Victor Jorgensen ("Jorgensen") moves that this Honorable Court strike the final brief of Appellant Jay Kruise ("Kruise"), cancel oral arguments, dismiss Kruise's appeal or alternatively require Kruise to submit a corrected brief, and grant such further relief as may be warranted. Kruise has submitted a final brief in this deferred appendix appeal that introduces entirely new arguments and makes significant changes from his initial brief, prejudicing Jorgensen who had prepared his appellee's brief in good faith reliance on Kruise's initial brief. Additionally, Kruise has failed to comply with this Court's December 9, 2022 Order (see ¶ 6, *infra*), and he has failed to comply with this Court's March 15, 2023 Order that extended the date for the deferred appendix until March 21, 2023.

Jorgensen further says the following:

**Summary of Proceedings before the District Court**

1) In December 2018, Kruise filed a five-count complaint in the Superior Court of the District of Columbia against Jorgensen based on common facts, alleging malpractice, breach of contract, breach of the "contractual duty of good faith and fair dealing," breach of fiduciary duty, and negligent misrepresentation. [JA12-21].

2) The gravamen of all five counts was that Kruise had retained Jorgensen under an agreement entered eleven years earlier to represent Kruise in his EEO claims against the U.S. Department of the Army arising from its suspension of his security clearance. [JA13-14,¶6-14]. On July 21, 2015, following a conference call with an EEOC judge, agency counsel emailed Jorgensen an offer to settle Kruise's claims for $200,000. [JA14-15,¶16&18]. Kruise claimed that Jorgensen had failed to forward the offer to Kruise, and Kruise had discovered it the following day from the EEOC judge. Jorgensen allegedly advised Kruise to reject the offer, and allegedly told Kruise that they "could double that amount in Federal court." [JA15,¶19-21].

3) Based on his own calculations, Kruise decided to reject the offer and Kruise instructed Jorgensen to file Kruise's claims in the U.S. District Court in D.C. [JA15-16,¶24-28]. On June 14, 2016, the court granted the agency's motion to transfer Kruise's case to the U.S. District Court for the Eastern District of Virginia, which dismissed it for lack of subject jurisdiction. [JA16-17,¶s 26-32]. The dismissal was affirmed by the U.S. Court of Appeals for the Fourth Circuit. [JA451,¶62].

4) Jorgensen removed Kruise's multi-count complaint against Jorgensen to the United States D.C. District Court, and Jorgensen filed a counterclaim. [JA3]. After discovery and mediation, Kruise and Jorgensen each submitted motions for summary judgment with supporting memoranda and exhibits. [JA95-192,194-231].

5) On September 22, 2022, United States District Judge Dabney Friedrich issued a final Order and Memorandum Opinion. [JA578-89]. *See* Exhibit A. The Order and Opinion denied Kruise's summary judgment motion, granted Jorgensen's summary judgment motion as to Kruise's claims, but denied Jorgensen's summary judgment motion as to Jorgensen's counterclaim. *Id*. Kruise noted this appeal.

**Summary of Proceedings Before this Court**

6) On December 9, 2022, this Court issued an Order that established a briefing schedule that included the March 17, 2023 deadline for the deferred appendix requested by Kruise. *See* Exhibit B. The Order imposed the following:

> All issues and arguments must be raised by appellant in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

7) On January 18, 2023, Kruise filed his initial appellant's brief. His initial brief – including the jurisdictional statement required by FRAP 28(a)(4) and Circuit Rule 28(a)(4), and the deferred appendix designation required by FRAP 30(c)(1) – was 20 pages. Kruise's counsel certified that his initial brief was 4,241 words.

8) On February 17, 2023, Jorgensen timely filed his brief. Jorgensen prepared his appellee's brief in reliance on the issues and arguments presented in Kruise's

January 18, 2023 brief. Jorgensen included in his brief an appendix designation that requested relevant docket entries and other material items that Kruise had omitted from Kruise's appendix designation. *See* Appellee's brief pp 1-2.

9) On March 14, 2023, Kruise moved for ten (10) day extensions to file the deferred appendix and the final briefs.

10) On March 15, 2023, this Court granted in part Kruise's motion for extensions, extending the deadline for the deferred appendix until March 21, 2023, and the deadline for final briefs until April 4, 2023. *See* Exhibit C.

11) On March 21, 2023, Kruise filed a 719 pages deferred appendix.

12) On March 22, 2023, Kruise filed an "amended" deferred appendix. Kruise's "amended" deferred appendix totaled 589 pages. Kruise did not provide any explanation to Jorgensen as to what pages or information he had changed.

13) Jorgensen subsequently inserted references in his appellee's brief to the corresponding pages in Kruise's "amended" deferred appendix, as provided for under FRAP 30(c)(2)(B).

14) During this task, Jorgensen discovered that Kruise had omitted from the "amended" appendix material items designated by Jorgensen. These omitted items included the parties' answers to interrogatories, communications between the parties, and briefs and memoranda submitted to EEOC and the U.S. Court of Appeals for the Fourth Circuit in which Kruise complained that Jorgensen had breached professional standards. But because these items remained in the full record available

to this Court, and Jorgensen had accurately described them in his verified statement of material facts that Kruise had included in the "amended" appendix [JA427-455], Jorgensen was able to complete his final brief using record references to his verified statement of material facts that was in the "amended" appendix.

15) On Friday, March 31, 2023, Jorgensen's assistant hand-delivered printed and bound sets of Jorgensen's final brief to the Clerk to distribute to this Court.

16) On Monday, April 1, 2023, after Jorgensen's assistant had delivered the printed and bound sets of his final brief, Kruise filed a third deferred appendix, again without explanation or communication to Jorgensen. This third appendix was docketed as a "Corrected Joint Appendix."

17) On Tuesday, April 4, 2023, Kruise filed his final appellant's brief, entitled "Appellant Jay Kruise's Final Brief." Kruise's final brief was obviously different and contained numerous additions and changes from Kruise's initial brief filed January 18, 2023. These changes were far more extensive than the insertions of references to the deferred appendix and even minor corrections. Kruise's new brief added at least ten (10) pages, and his attorney certified that it was 6,929 words, over a third longer than the 4,241 words that his attorney had certified in his initial brief.

**Kruise's Additions to His Final Brief**

18) Kruise's additions to his table of authorities reflected the extensive revisions to his final appellant's brief. According to his new table of authorities, Kruise added fourteen new cases, and he cited five new rules of professional conduct

from D.C. and Maryland not in his original brief. *See* Kruise's April 4, 2023 final brief pp ii-iv, compared to his January 18, 2023 initial brief pp iii-iv.

19) The body of Kruise's final brief revealed even more revisions. For example, he rewrote "Argument 1" from "Whether the lower court properly granted summary judgment as to Appellant's breach of covenant of good faith and fair dealing, and negligent misrepresentation claims" to "Whether the District Court Properly Granted Summary Judgment as to Appellant's ***Breach of Contract***, Breach of Covenant of Good Faith, ***Breach of Fiduciary Duty*** and Negligent Misrepresentation Claims." [Emphasis added.] *See* Kruise's April 4, 2023 final brief p 8, compared to his January 18, 2023 brief p 11.

20) Kruise added almost five pages of his entirely new argument entitled "Breach of Contract" onto pages 9-13 of his April 4, 2023 final brief, and he added another eight pages of his entirely new argument entitled "Breach of Fiduciary Duty" onto pages 14-22 of the brief. Both new arguments recited numerous supposed authorities absent from Kruise's January 18, 2023 initial brief.

21) Besides adding new arguments and authorities, Kruise's final brief supplemented his existing arguments. Kruise added a citation to a D.C. professional rule and rewrote his argument "d. Negligent Misrepresentation" at pages 22-23 of his April 4, 2023 brief. He added four pages with new authorities to his "Argument 2. Whether a Plaintiff Must Provide Expert Evidence in Legal Malpractice Claims In Order To Avoid Summary Judgment," at pages 26-29 of his April 4, 2023 brief.

22) Kruise added a new second paragraph and removed the last sentence from his "Summary of Argument" on page 7 of his April 4, 2023 final brief.

23) Kruise even changed the time that he claimed that Jorgensen had billed him. Kruise argued in his final brief that Jorgensen had billed him 72 hours to research and prepare an opposition to the agency's motion to dismiss, an increase of 8 hours from Kruise's initial brief. He argued that Jorgensen had billed him 188.5 hours to prepare his brief to the U.S. Court of Appeals for the Fourth Circuit, a decrease of 2.5 hours from his claim in his initial brief. *See* Kruise's April 4, 2023 final brief p 13, compared to Kruise's January 18, 2023 initial brief pp 12-13.

**Kruise's Omissions and Other Errors in His Final Brief**

24) Kruise's final brief omitted multiple items from his initial brief, including items required by FRAP 28(a) and this Court, and made other revisions that failed to comply with FRAP 28(a).

25) As examples, Kruise's final brief deleted his certificate as to parties, rulings, and related cases required under Circuit Rule 28(a)(1). It deleted his statement requesting oral arguments that was in his initial brief. It deleted the appendix designation from his initial brief, required by FRAP 30(c)(1).

26) Kruise's final brief deleted the jurisdictional statement required under FRAP 28(a)(4). It omitted a "concise statement of the case… describing the relevant procedural history, and identifying the ruling presented for review, with appropriate references to the record (see Rule 28(e)," required under FRAP 28(a)(6).

27) Kruise's final brief misplaced items from the sequence required by FRAP 28(a). Contrary to FRAP 28(a)(5), Kruise's statement of the issues in his final brief was after his "statement of facts." Contrary to FRAP 28(a)(9), Kruise moved his standard of review to the beginning of his final brief, not as part of or preceding its argument.

**Argument - Other Authorities in Support of this Motion**

28) The procedures governing the submission of a deferred appendix, such as Kruise elected in his appeal, were not a loophole for him to submit a revised brief to supplement his original arguments and issues after reviewing the appellee's brief.

29) FRAP 30(c)(2)(B) provides in pertinent:

> (c) Deferred Appendix.
>
> …
>
> (2) References to the Record.
>
> …
>
> (B) A party who wants to refer directly to pages of the [deferred] appendix may serve and file copies of the brief within the time required by Rule 31(a), containing appropriate references to pertinent pages of the record. In that event, within 14 days after the appendix is filed, the party must serve and file copies of the brief, containing references to the pages of the appendix in place of or in addition to the references to the pertinent pages of the record***. Except for the correction of typographical errors, no other changes may be made to the brief.*** [Emphasis added.].

30) This Court's Handbook of Practice and Internal Procedures reinforces this requirement under "3. Timing: Deferred Appendix."

> ***No changes other than citations to the deferred appendix and correction of typographical errors may be made in the final briefs*** filed under this method. [Emphasis added. Handbook p 46].

31) This Court's December 9, 2022 Order in this appeal likewise cautioned:

> All issues and arguments must be raised by appellant in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief. [Exhibit B].

32) Kruise inexcusably disregarded these requirements. As shown by the foregoing paragraphs, he submitted a final brief on April 4, 2023 that was heavily revised, rewritten, and supplemented from his January 18, 2023 initial brief.

33) Jorgensen was unable to respond to Kruise's new issues and arguments because Jorgensen had already timely filed his initial and final brief.

34) Kruise's disregard of the rules and order that governed his briefing was akin to his disregard of the rules governing the summary judgment motions that were adjudicated by Judge Friedrich. In the district court, Kruise submitted misleading "declarations" that omitted language that he was making them under penalties of perjury. [JA124,323,510] His disingenuous "declarations" concealed material facts – admitted in his pleadings, motions, and interrogatory answers – that he had learned of the $200,000 settlement offer the day after the agency made it; that Jorgensen was the person who told him; but that Kruise decided to reject it. [JA15,¶s19-24;JA102-103;JA120-21,¶7-13;JA270-271;JA319,¶7-13;JA436-438,¶25-30;JA506,¶7-13].

35) Kruise's final brief filed April 4, 2023 and "corrected deferred appendix" filed April 1, 2023 should not be considered, and should be stricken because of Kruise's inexcusable disregard of the requirements that his final brief not introduce

new arguments, issues, or changes other than typographical corrections, and his failure to file the "corrected" appendix by the extended due date.[1]

36) FRAP 31(c) authorizes this Court to dismiss this appeal and to cancel oral arguments in the absence of Kruise's final brief as a result of it being stricken:

> (c) **Consequence of Failure to File.** If an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal. An appellee who fails to file a brief will not be heard at oral argument unless the court grants permission.

37) Cancellation of oral arguments on May 8, 2023 – arguments that were requested by Kruise, not Jorgensen – is especially appropriate here. The district court's decision was based on fully-briefed motions, not a trial, and those motions and all supporting memoranda and other material documents are in the record. Oral arguments would not add to the useful information necessary to decide this appeal.

---

[1] *See, e.g., Barber v. American Sec. Bank,* 841 F.2d 1159, 1162 (D.C. Cir. 1988): "Counsel's failure to file his brief on time and his failure to file the proper motions evidence inexcusable disregard for the rules of this court and thus warrant dismissal. In addition, counsel for appellant has utterly failed to establish "extraordinary and compelling circumstances" for his failure to comply with the rules of this court. We hold that counsel's noncompliance with the rules, taken in conjunction with his inadequate explanations for the late filings, indicate an egregious disregard of the court's processes comparable to the situation presented in *HBZ* [*Communications, Inc. v. Federal Communications Commission,* 825 F.2d 516 (D.C. Cir. 1987)]. Accordingly, we dismiss the appeal." [Citations omitted.].

**Conclusion – The District Court's Decision Should Be Affirmed**

38) The district court's order and opinion denying Kruise's claims were well-justified and its decision is ripe for affirmation as a matter of law, for the thoughtful reasons that Judge Friedrich has carefully explained and as established by the extensive record. [JA583-587]. *See* Exhibit A.

**Wherefore, for the foregoing reasons,** Appellee Paul Victor Jorgensen respectfully prays that this Honorable United States Court of Appeals:

1) Strike the final brief of Appellant Jay Kruise;
2) Strike the "corrected" deferred appendix filed by Appellant Jay Kruise on April 1, 2023;
3) Cancel oral arguments;
4) Affirm the district court's September 22, 2022 Order and accompanying Memorandum Opinion;
5) In the alternative, dismiss Kruise's appeal with prejudice;
6) In the alternative to the dismissal of Kruise's appeal, require him to file a corrected final brief that conforms to the Federal Rules of Appellate Procedure and this Circuit's Rules; and
7) Grant such relief as may be warranted in the best interests of justice, including consideration of an award of just damages and costs to Jorgensen under FRAP 38.

Respectfully Submitted,

***/S/ Paul Jorgensen***

Paul Victor Jorgensen, Esq.
215 West Main Street, P.O. Box 850
Middletown, Maryland 21769
[301] 293-6822
[301] 371-5840 [FAX]
pauljorgensen@mac.com

**Certificate of Compliance with Rule 32(a)**

1. This Motion complies with the word limitation of FRAP 27(d)(2) because this Motion contains 2,612 words.

2. This Motion complies with the typeface requirements of FRAP 27(d)(1)(E) and FRAP 32(a)(5), and the type style requirements of FRAP 32(a)(6), because this Motion has been prepared in a proportionately spaced typeface using the word processing system Word in font size 14, type style Times New Roman.

***/S/ Paul Jorgensen***

Paul Victor Jorgensen, Esq.

**Certificate of Service**

I certify that on this 8th day of April, 2023, I Emailed and delivered a copy of the foregoing by U.S. mail, and electronically filed the foregoing Motion using the Court's CM/ECF system, which will all notify such filing to the following counsel for Appellant Jay Kruise: Laurence L. Socci, Esq., The Socci Law Firm, PLLC, P.O. Box 14051, Washington, DC 20044.

/s/ ***Paul Jorgensen***

Paul Victor Jorgensen, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAY KRUISE,<br>*Plaintiff-Counter-Defendant*,<br>v.<br>PAUL VICTOR JORGENSEN,<br>*Defendant-Counter-Claimant.* | No. 19-cv-49 (DLF) |

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that the plaintiff's Motion for Summary Judgment, Dkt. 37, is **DENIED**. It is further

**ORDERED** that the plaintiff's Motion to Dismiss, Dkt. 37, is construed as a motion for summary judgment as to the defendant's counterclaims and is **GRANTED**. It is further

**ORDERED** that the defendant's Motion for Summary Judgment, Dkt. 38, is **GRANTED IN PART AND DENIED IN PART**. It is further

**ORDERED** that the defendant's Motions for Leave to Amend, Dkts. 47, 48, are **DENIED AS MOOT**.

The Clerk of Court is directed to close this case.

DABNEY L. FRIEDRICH
United States District Judge

September 22, 2022



Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAY KRUISE,<br>*Plaintiff-Counter-Defendant*,<br>v.<br>PAUL VICTOR JORGENSEN,<br>*Defendant-Counter-Claimant*. | No. 19-cv-49 (DLF) |

**MEMORANDUM OPINION**

Jay Kruise brings this malpractice action against his former attorney, Paul Victor Jorgensen, who in turn brings counterclaims against Kruise for breach of contract and defamation. *See* Compl., Dkt. 1-1; Am. Counterclaim, Dkt. 25. Kruise now moves for summary judgment on his claims and for dismissal of Jorgensen's counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Pl.'s Mot. for Summ. J., Dkt. 37. Jorgensen also now moves for summary judgment on Kruise's claims as well as on Jorgensen's own counterclaims, Def.'s Mot. for Summ. J., Dkt. 38. For the reasons that follow, the Court will (1) grant Jorgensen's motion for summary judgment as to Kruise's claims; (2) construe Kruise's motion to dismiss Jorgensen's counterclaims as a motion for summary judgment as to those claims, and grant the motion; and (3) otherwise deny both parties' motions.

## I. BACKGROUND

### A. Factual Background

In December 2007, Kruise retained Jorgensen as counsel for an equal employment opportunity claim against the government related to the suspension of Kruise's security clearance. *See* Def.'s Statement of Facts ¶¶ 2, 4, Dkt. 43; Kruise Decl. ¶ 2, Dkt. 37-2 Ex. 2. Kruise's case,

brought pro se, was originally rejected in administrative proceedings for lack of jurisdiction under *Department of the Navy v. Egan*, 484 U.S. 518 (1988). *See* Def.'s Statement of Facts ¶¶ 4–5; Pl.'s Statement of Facts ¶¶ 4–5, Dkt. 41-2. Once represented by Jorgensen, however, Kruise secured vacatur of that determination and remand for a decision on the merits of his claim. Def.'s Statement of Facts ¶ 8; Pl.'s Statement of Facts ¶ 7; *see* Ex. 1 to Def.'s Mot. for Summary Judgment (*Kruise v. McHugh*, Appeal No. 0120083702 (EEOC Office of Federal Operations Apr. 6, 2011)), Dkt. 38-3. Several years later, Kruise and the government engaged in settlement talks, and the case was referred for mediation before an Equal Employment Opportunity Commission (EEOC) administrative judge. Def.'s Statement of Facts ¶¶ 12–13; Pl.'s Statement of Facts ¶¶ 12–13. The parties initially reached no resolution, but after further proceedings before the EEOC, the government offered Kruise a $200,000 settlement on July 21, 2015. Def.'s Statement of Facts ¶¶ 14, 25; Pl.'s Statement of Facts ¶¶ 14, 25.

The parties dispute whether Jorgensen promptly communicated the settlement offer to his client, Def.'s Statement of Facts ¶¶ 25–26; Pl.'s Statement of Facts ¶¶ 26–27, but they agree that Kruise was aware of the offer, at the latest, by the next day because it was broached by an EEOC administrative judge during a telephonic conference, Pl.'s Statement of Facts ¶ 27; Jorgensen Decl. ¶¶ 5–8, Dkt. 45-1. Kruise rejected the offer, and he contends that Jorgensen advised him to do so and to instead file a lawsuit in the U.S. District Court for the District of Columbia to benefit from a precedent Jorgensen viewed as favorable, *Rattigan v. Holder*, 689 F.3d 764 (D.C. Cir. 2012). Pl.'s Statement of Facts ¶ 27. Kruise's suit was filed on July 26, 2015, and the government later successfully moved to transfer it to the Eastern District of Virginia based on improper venue. *See* Ex. 4 to Def.'s Mot. for Summary Judgment (Joint App'x in *Kruise v. Fanning*) at 9–38, 73–82, 272–83, Dkt. 38-6. The agency then moved to dismiss for lack of subject matter jurisdiction, and

the court granted the motion, rejecting Kruise's reliance on *Rattigan* as out-of-circuit precedent. *Id.* at 458.

Kruise and Jorgensen then commenced an appeal to the U.S. Court of Appeals for the Fourth Circuit, but after the opening brief was filed, concerns arose over payment of legal fees. Def.'s Statement of Facts ¶ 60; Pl.'s Statement of Facts ¶ 60. Kruise instructed Jorgensen to withdraw so that he could file a reply brief pro se, but Kruise then changed his mind and agreed to pay—on the condition that payment occur on a delayed timeline, and that Jorgensen would pay the printing expenses upfront. Ex. 1 to Def.'s Mot. for Summary Judgment at 156–57. After Jorgensen filed his reply, the Fourth Circuit affirmed the judgment, and Jorgensen told Kruise he would work on a petition for rehearing en banc if Kruise paid the printing and stenographer expenses Jorgensen had incurred. *Id.* at 164. Kruise declined and proceeded pro se, and his en banc petition was denied. Def.'s Statement of Facts ¶¶ 63–64; Pl.'s Statement of Facts ¶¶ 63–64.

**B. Procedural History**

Kruise brought claims for malpractice, breach of contract, breach of the covenant of good faith, breach of fiduciary duty, and negligent misrepresentation in D.C. Superior Court. *See* Compl., Dkt. 1-1. Jorgensen removed the case to federal court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. He then counterclaimed for breach of contract and defamation based on a bar complaint Kruise filed against him. *See* Am. Counterclaim, Dkt. 25. Both sides now move for summary judgment on Kruise's claims, Jorgensen moves for summary judgment on his counterclaims, and Kruise moves to dismiss the counterclaims. *See* Dkts. 37–38. Because Kruise has filed his motion to dismiss well after his answer and after discovery has completed, the Court will construe it as a motion for summary judgment. *See Flynn v. Tiede-*



Exhibit A

*Zoeller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006) ("The decision to convert a motion to dismiss into a motion for summary judgment . . . is committed to the sound discretion of the trial court.").

## II. LEGAL STANDARD

A court grants summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A "material" fact is one with potential to change the substantive outcome of the litigation. *See Liberty Lobby*, 477 U.S. at 248; *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). A dispute is "genuine" if a reasonable jury could determine that the evidence warrants a verdict for the nonmoving party. *See Liberty Lobby*, 477 U.S. at 248; *Holcomb*, 433 F.3d at 895. "If there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law if the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Holcomb*, 433 F.3d at 895 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## III. ANALYSIS

### A. Kruise's Claims

Kruise's complaint lists five different causes of action, but the Court will consider them together. Although only the first count is styled as a malpractice claim—based on Jorgensen's alleged "fail[ure] to file . . . Kruise's EEOC lawsuit in the proper court," Compl. ¶ 38—the other four similarly allege various forms of malpractice. First, the breach of contract claim alleges that Jorgensen "breached the terms" of the parties' legal representation agreement by "[falling] below the minimum standard of care for a District of Columbia barred attorney with experience and expertise in EEOC law." *Id.* ¶ 45. Second, Jorgensen allegedly breached the covenant of good

faith by charging "an excessive hourly rate for excessive hours of work" and thus violating "one or more of the District of Columbia Rules of Professional Conduct, in breach of the implied covenant of [g]ood [f]aith." *Id.* ¶ 48; *see also* D.C. Rule of Prof. Conduct 1.5. Third, the claim for breach of fiduciary duty rests on Jorgensen's alleged failure "to act in the best interest of his client" when "failing to promptly disclose" the government's settlement offer, advising Kruise to reject it, and charging him excessive fees. Compl. ¶¶ 50–54. And finally, the claim for negligent misrepresentation charges Jorgensen with giving "untrue" advice regarding Kruise's likelihood of success in federal court. *Id.* ¶¶ 55–63.

All five claims, therefore, advance a theory that Jorgensen's performance as an attorney, in various ways, fell below the relevant standard of care for a lawyer in his position. "Where, as here, a party has alleged a claim for legal negligence and other claims that, in one form or another, restate[] the malpractice claim in tort or contract form, the District of Columbia Court of Appeals has held that the other claims 'must generally reach the same result as the underlying malpractice claim.'" *Venable LLP v. Overseas Lease Grp., Inc.*, No. 14-02010, 2015 WL 4555372, at *3 (D.D.C. July 28, 2015) (alteration in original) (citation and internal quotation marks omitted); *see also O'Neil v. Bergan*, 452 A.2d 337, 342–43 (D.C. 1982) (holding that for tort and contract claims based on an attorney's meeting the standard of care, the same principles "are equally applicable whether the plaintiff's claim is based on tort or breach of contract" (citation omitted)); *Asuncion v. Columbia Hosp. for Women*, 514 A.2d 1187, 1191 (D.C. 1986) ("[I]n professional malpractice cases, alleged negligence and breach of contract are typically premised on the same duty of care and, as a consequence, should typically lead to the same legal result."); *Biomet Inc. v. Finnegan Henderson LLP*, 967 A.2d 662, 670 n.4 (D.C. 2009) (rejecting an attempt to "recast [a] malpractice argument as also breach of contract and breach of fiduciary duty"); *Macktal v. Garde*, 111 F. Supp.

2d 18, 22 (D.D.C. 2000) ("[I]f the underlying malpractice claim fails, tort and contract claims arising from the same transaction must also fail.").

The Court concludes that all five claims fail for the same reason: Kruise has not produced any expert evidence that Jorgensen's performance fell below the standard of care. "To demonstrate that an attorney has been negligent, a party must prove: (1) that there is an attorney-client relationship; (2) that the attorney neglected a reasonable duty; and (3) that the attorney's negligence resulted in and was the proximate cause of a loss to the client." *Herbin v. Hoeffel*, 806 A.2d 186, 194–95 (D.C. 2002). For a plaintiff to establish breach of a duty of reasonable care, he "must present expert testimony establishing the standard of care unless the attorney's lack of care and skill is so obvious that the trier of fact can find negligence as a matter of common knowledge." *O'Neil*, 452 A.2d at 341.

The common knowledge exception is inapplicable here. "The kind of care and skill that can be found within the jury's common knowledge may include typical failures to act; for example, allowing the statute of limitations to run on the client's claim, or permitting entry of a default against the client." *Id.* at 342 (citations omitted). The exception does not apply when "[t]he subject matter[,] . . . coupled with the substantial amount of legal work" done for a representation, "makes the case too complex for jury analysis without expert help." *Id.* Here, none of Kruise's theories of malpractice—poor choice of venue, misguided advice to reject a settlement, excessive billing, and misjudgment as to likelihood of a suit's success in federal court—are simple enough for a jury to summarily comprehend.[1] Jorgensen's venue choice was based on complex considerations of

[1] Even assuming that Jorgensen's alleged one-day delay in conveying the settlement offer to Kruise would fall below the appropriate standard of care as a matter of common knowledge, Kruise has not shown any degree of damages as a result of this alleged misconduct. *See Herbin*, 806 A.2d at 194–95. It is undisputed that he learned of the settlement offer shortly after the government made it, and that he chose (under Jorgensen's advice) to reject it.

caselaw across federal Courts of Appeals. The merits of the settlement offer (and so Kruise's prognosis in a federal lawsuit) turns on sophisticated analysis of the strength of Kruise's case. And the question of whether Jorgensen's billing practices were excessive—absent any allegations of clear abuses, of which there are none[2]—is outside the proficiency of "a layman [who] is not likely to know . . . what fees and costs an attorney may properly and reasonably charge." *Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard, Jr.*, 97 F. Supp. 2d 8, 12 (D.D.C. 2000). In other words, there is no reason to believe that a jury could find it obvious that Jorgensen's venue decisions and his advice regarding the settlement offer were defective, or that his billing was excessive.

Kruise offers two responses, neither of which is availing. First, Kruise points to cases that are inapposite here. In *Seed Co. v. Westerman*, 840 F. Supp. 2d 116, 125-26 (D.D.C. 2012), summary judgment was denied based on a settlement offer dispute because discovery had not yet commenced. And in *Crawford v. Katz*, 32 A.3d 418, 427–32 (D.C. 2011), unlike here, the plaintiff had retained an expert. Second, Kruise asserts that his claims should survive at this stage because "there is no rule that requires a plaintiff to provide legal expert opinions at any stage prior to trial in order for him to proceed with his case." Pl.'s Opp'n at 8, Dkt. 41. That is incorrect. To defeat summary judgment, a nonmoving party must "establish a triable issue" for the elements of his claims; for an attorney malpractice case, that includes "provid[ing] expert testimony establishing the applicable standard of care." *Kaempe v. Myers*, 367 F.3d 958, 966–67 (D.C. Cir. 2004) (affirming grant of summary judgment for lack of expert testimony); *see also Flax v. Schertler*,

---

[2] In his reply brief, Kruise raises for the first time scattered arguments that Jorgensen violated various rules of professional conduct for billing clients and retaining payments, including by failing to deposit unearned fees into a trust account. *See* Pl.'s Reply at 2–7. The Court does not consider these arguments because "[i]t is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief." *Scott v. Off. of Alexander*, 522 F. Supp. 2d 262, 274 (D.D.C. 2007).


Exhibit A

935 A.2d 1091, 1107 (D.C. 2007) (same).[3] The time to retain expert witnesses, prepare reports, and disclose them to the opposing party has long since come and gone. *See* Scheduling Order of April 25, 2019 (ordering "plaintiff [to] disclose any expert witnesses and deliver any Rule 26(a)(2) reports on or before July 31, 2019"); Status Report of May 17, 2021, at 1–2, Dkt. 35 (reporting that "[d]iscovery, including the disclosures required by Rule 26(a) . . . is complete"). Kruise has not moved for an extension of time for discovery or provided any reason why he has not produced expert evidence.

Because Kruise has provided no expert evidence of any kind, the Court will grant Jorgensen's motion for summary judgment as to all of Kruise's claims and deny Kruise's motion for summary judgment as to the same.

**B. Jorgensen's Counterclaims**

1. *Breach of Contract*

Jorgensen first alleges that Kruise breached the parties' contract by failing to pay his final bill to Jorgensen. Am. Counterclaim ¶¶ 44–45. As Kruise notes, *see* Pl.'s Mot. for Summ. J. at 14–15, Jorgensen's Amended Counterclaim asserts virtually no factual detail regarding Kruise's alleged nonpayment—for example, any relevant contractual provisions regarding payment, the nature of the amount owed, or the timing of the debt. *See generally* Am. Counterclaim. Jorgensen

---

[3] Kruise frames all his claims in his Complaint by reference to the D.C. Rules of Professional Conduct, and his briefing on his claims applies D.C. law. *See* Pl.'s Mot. for Summ. J. at 8. Jorgensen suggests that Maryland law might control, Def.'s Mot. for Summ. J. at 11 n.12, but the Court need not consider that argument because under the law Kruise invokes for his complaint, his claims fail. In any event, Maryland applies the same general substantive rules. *See, e.g.*, *Franch v. Ankney*, 670 A.2d 951, 954 n.4 (Md. 1996) ("Expert testimony as to the relevant standard of care is necessary in an attorney malpractice case, except in those cases where the common knowledge or experience of laymen is sufficient to allow the fact finder to infer negligence from the facts."); *Fishow v. Simpson*, 462 A.2d 540, 543–44 (Md. Ct. Spec. App. 1983) (rejecting recasting of legal malpractice claim as breach of contract, and then holding that expert testimony was required because the common knowledge exception did not apply).

also provides no explanation when he cursorily moves for summary judgment on his counterclaims. *See* Def.'s Mot. for Summ. J. at 25, and he does not mention the merits of his breach of contract claim anywhere in his subsequent papers, *see generally* Def.'s Opp'n, Dkt. 42; Def.'s Reply, Dkt. 45. Because Jorgensen has not sufficiently addressed the issue in his opposition to Kruise's motion, *see Payne v. Salazar*, 899 F. Supp. 2d 42, 50 (D.D.C. 2012), or adequately shown why the record evidence could establish his claim at trial, *see Holcomb*, 433 F.3d at 895, the Court will enter summary judgment for Kruise.

2. *Defamation*

Jorgensen next contends that Kruise defamed him by making allegedly "false allegations" to Maryland's Attorney Grievance Commission. Am. Counterclaim ¶ 47. Jorgensen again only refers to this counterclaim in passing in his motion for summary judgment. *See* Def.'s Mot. for Summ. J. at 25. In his papers, Kruise notes that Jorgensen's allegation is that "an attorney working on Kruise's behalf" "ma[d]e the alleged defamatory statement to the Maryland Attorney Grievance Commission." Pl.'s Mot. for Summ. J. at 15. That fact clearly makes the alleged statements "absolutely privileged" because they were "filed in a judicial proceeding," such as through a "letter of complaint to then Grievance Committee of Maryland State Bar Association." *Adams v. Peck*, 415 A.2d 292, 293 (Md. 1980) (citing *Kerpelman v. Bricker*, 329 A.2d 423, 427 (Md. Ct. Spec. App. 1974)); *see also In re Spikes*, 881 A.2d 1118, 1123–24 (D.C. 2005). The privilege "protects the person publishing the defamatory statement from liability even if his purpose or motive was malicious, he knew that the statement was false, or his conduct was otherwise unreasonable." *Adams*, 415 A.2d at 293. The Court will accordingly enter summary judgment for Kruise.



Exhibit A

## CONCLUSION

For the foregoing reasons, the Court (1) grants Jorgensen's motion for summary judgment in part, as to Kruise's claims, and denies it in part, as to Jorgensen's counterclaims; (2) construes Kruise's motion to dismiss Jorgensen's counterclaims as a motion for summary judgment and grants the motion; and (3) denies Kruise's motion for summary judgment on his claims. Judgment is entered for Jorgensen on all counts in Kruise's Complaint, and judgment is entered for Kruise on all counts in Jorgensen's Amended Counterclaim. A separate order consistent with this decision accompanies this memorandum opinion.

Dabney L. Friedrich
DABNEY L. FRIEDRICH
United States District Judge

September 22, 2022

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 22-7143** **September Term, 2022**

**1:19-cv-00049-DLF**

**Filed On: December 9, 2022** **[1977125]**

Jay Kruise,

Appellant

v.

Paul Victor Jorgensen, I,

Appellee

**<u>O R D E R</u>**

It is **ORDERED**, on the court's own motion, that the following briefing schedule will apply in this case:

| | |
|---|---|
| Appellant's Brief | January 18, 2023 |
| Appellee's Brief | February 17, 2023 |
| Appellant's Reply Brief | March 10, 2023 |
| Deferred Appendix | March 17, 2023 |
| Final Briefs | March 31, 2023 |

All issues and arguments must be raised by appellant in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief. To enhance the clarity of their briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 42 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover, or state that the case is being submitted without oral argument. See D.C. Cir. Rule 28(a)(8).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk



Exhibit B

# United States Court of Appeals

District of Columbia Circuit
Washington, D.C. 20001-2866

Mark J. Langer
Clerk

(202) 216-7300

NOTICE TO COUNSEL:

SCHEDULING ORAL ARGUMENT

The court has entered an order setting a briefing schedule in a case in which you are counsel of record. Once a briefing order has been entered, the case may be set for oral argument.

You will be notified by separate order of the date and time of oral argument. Once a case has been calendared, the Clerk's Office cannot change the argument date, and ordinarily the court will not reschedule it. Any request to reschedule must be made by motion, which will be presented to a panel of the court for disposition. The court disfavors motions to postpone oral argument and will grant such a motion only upon a showing of "extraordinary cause." <u>See</u> D.C. Cir. Rule 34(g).

If you are the arguing counsel, and you will be unavailable to appear for oral argument on a date in the future, so advise the Clerk's Office by letter, filed electronically. The notification should be filed as soon as possible and updated if a potential scheduling conflict arises later, or if there is any change in availability. To the extent possible, the Clerk's Office will endeavor to schedule oral argument to avoid conflicts that have been brought to the court's attention in advance. <u>See</u> <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> at IX.A.1, XI.A.

Counsel must notify the court when serious settlement negotiations are underway, when settlement of the case becomes likely, and when settlement is reached. Such notice allows for more efficient allocation of judicial resources. Additionally, counsel should promptly notify the court if settlement negotiations are terminated. Notice must be given in an appropriate motion or by letter to the Clerk at the earliest possible moment. <u>See, e.g.,</u> <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> at X.D., XI.A.

Rev. March 2017

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 22-7143** **September Term, 2022**

**1:19-cv-00049-DLF**

**Filed On: March 15, 2023** **[1990295]**

Jay Kruise,

Appellant

v.

Paul Victor Jorgensen, I,

Appellee

**<u>O R D E R</u>**

Upon consideration of appellant's motion for extension of time to file the deferred joint appendix, it is

**ORDERED** that the motion be granted to the extent that the following revised briefing schedule will now apply:

| | |
|---|---|
| Deferred Appendix | March 21, 2023 |
| Final Briefs | April 4, 2023 |

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk

Exhibit C