SCHEDULED FOR ORAL ARGUMENT MAY 8, 2023

_____

No. 22-7143

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

JAY KRUISE

Appellant,

V.

PAUL JORGENSEN

Appellee

_____

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

_____

**APPELLANT JAY KRUISE'S OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPEAL**

Appellant Jay Kruise ("Appellant") by and through the undersigned counsel hereby brings the following opposition to Appellee Paul Jorgensen's (Appellee") motion to dismiss appeal and moves this Court to deny his motion to dismiss the appeal. Appellant submitted his Reply Brief and his Final Brief with new issues raised based on, and in response to, Appellee's Initial Brief. Appellee had sufficient time to address Appellant's arguments on those issues before filing his Final Brief.

1

Appellee was not prejudiced by Appellant filing an Amended Joint Appendix because Appellee's Final Brief is exactly the same as his Initial Brief, and all of his Joint Appendix references are in place. Also, Appellant filed the Amended Joint Appendix less than 24 hours after filing the initial Joint Appendix.

Appellee was not prejudiced by any alleged omissions or errors in Appellant's Final Brief. Neither the Federal Rules of Appellant Procedure nor the Circuit Court rules state anything relating to the contents of a final brief. Additionally, the D.C. Circuit Court Clerk of Courts did not notify the Appellant that his Final Brief was deficient in any way.

For these reasons, set forth more fully below, the Appellant requests the Court deny Appellee's motion to dismiss.

## ARGUMENT

**Deferred Joint Appendix.**

Appellee claims he was prejudiced because the Appellant filed a Joint Appendix containing 719 pages on March 21, 2023, and then filed an Amended Joint Appendix containing 589 pages on March 22, 2023. Appellant filed his Amended Joint Appendix less than 24 hours after filing his Joint Appendix. The Amended Joint Appendix contains less pages than the Joint Appendix because the Appellant removed duplicate pages of the record so as not to confuse the Court.

The Appellee did not make a motion with the Court regarding the Joint Appendix subsequent to the Amended Joint Appendix being filed, and in fact on March 31, 2023, 9 days after the Amended Joint Appendix was filed, Appellee filed his Final Brief. Appellee had immediate notice that an Amended Joint Appendix was filed because he is a party of record and receives all notices of case filings through Pacer. Appellee had more than ample time to either make a motion for the Appellant to resubmit the pages Appellee believed were removed from the Joint Appendix (even though they were duplicates) or to add the pages Appellee believed were missing to the Amended Joint Appendix. He did neither. Instead, he wrote his Final Brief and filed it; and then waited 4 days after the Appellant filed his Final Brief to make a motion to dismiss the appeal.

**Alleged Omissions and Errors in Final Brief**

The Appellee claims the Appellant made omissions in his Final Brief that were not included in his Initial Brief. There are no rules in either the Federal Rules of Appellant Procedure or the D.C. Circuit Court Rules relating to the format of Final Briefs. Further, the Clerk of Courts for the D.C. Circuit Court did not inform the Appellant that his Final Brief was deficient. The Appellee did not show that he was prejudiced in any way by the alleged omissions from Appellant's Final Brief. However, the Appellant will amend his Final Brief to include the claimed omissions if it is the Court's request.

**Additions to Appellant's Final Brief**

The Appellee further complains that the Appellant made additions to his Final Brief. Specifically, the Appellee claims that Appellant changed his argument in his Final Brief with language relating to Breach of Contract and Breach of Fiduciary Duty. Arguments relating to both of these matters were in Appellant's Final Reply Brief.

Appellee claims he was "unable to respond to Kruise's [Appellant's] new issues and arguments because Jorgensen [Appellee] had already timely filed his initial and final brief." However, Appellant filed his Reply Brief on March 10, 2023 and Appellee filed his Final Brief on March 31, 2023. Appellee had 3 weeks to incorporate any response to Appellant's "new issues and arguments" before filing his final brief --- which wasn't actually due until April 4, 2023.

While it is generally true that an appellant must raise any issues ripe for consideration in their opening brief, this court has held that "an appellant generally may, in a reply brief, "respond to arguments raised for the first time in appellee's brief." *United States v. Powers*, 885 F.3d 728, 732, 435 U.S. App. D.C. 42, 46 (D.C. Cir. 2018) (citing 16AA Charles Alan wright et al., Federal Practice and Procedure: Jurisdiction § 3974.3 (4th ed. 2017); *MBI Grp., Inc. v. Credit Foncier Du Cameroun*, 616 F.3d 568, 575, 392 U.S. App. D.C. 387 (D.C. Cir. 2010).

Here, Appellee raised the issues of Breach of Contract and Breach of Fiduciary Duty in his initial brief. It is fair, therefore, for the Appellant to reply to those issues raised in his reply brief, and to put those replies into his final brief.

Appellee knew that the issues of Breach of Contract and Breach of Fiduciary Duty were not initially in the Appellant's Initial Brief. But Appellee nonetheless brought those issues to the court's attention in his Initial Brief. Therefore, these issues were not new or novel to the Appellee. He knew or should have known that Appellant would address those issues raised by Appellee in Appellee's Initial Brief. And as discussed above, he had ample time to address those issues in his Final Brief.

## CONCLUSION

There were steps that the Appellee could have taken to address any issues he had relating to the Appellant's filing of the Amended Joint Appendix. Appellee failed to take the steps necessary to include and pages he believed were missing from Joint Appendix and not included in the Amended Joint Appendix.

Appellant did not violate any court rules by any omissions or errors in his Final Brief as claimed by Appellee. The Circuit Court Clerk of Courts did not notify the Appellant that his Final Brief was deficient. However, the Appellant will submit an amended Final Brief if the Court requests.

Appellant had the right to address issues raised for the first time in Appellee's brief; and that is what he did. He did not raise a new issue, he simply addressed the issues raised by Appellee.

For the reasons set forth herein, Appellant prays this Honorable Court deny the Appellee's Motion to Dismiss in its entirety.

Respectfully submitted,

> /s/ Laurence L. Socci
> Laurence L. Socci
> Bar Number 63865
> The Socci Law Firm, PLLC
> P.O. Box 14051
> Washington, DC 20044
> (202) 262-5843
> laurence.socci@soccilawfirm.com
> Counsel for Appellant

## Form 6. Certificate of Compliance with Type-Volume Limit

Certificate of Compliance with Type-Volume Limit,

Typeface Requirements, and Type-Style Requirements

1. This document complies with the [type-volume limit of Fed. R. App. P. 26(d)(1)(E), and Fed. R. App. P. 26(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

_X__   this document contains 1373 words, or

____    this brief uses a monospaced typeface and contains [state the    number of] lines of text.

2.   This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

___X_   this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14 Point Times New Roman, or

____    this document has been prepared in a monospaced typeface using     [state name and version of word-processing program] with    [state number of characters per inch and name of type style].

(s)__Laurence L. Socci_____

Attorney for Jay Kruise

Dated: April 17, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April 2023 a copy of the foregoing Appellant Jay Kruise's Opposition to Appellee's Motion to Dismiss was filed with the Court and served on all counsel of record through CM/ECF.

/s/ Laurence L. Socci
Laurence L. Socci
D.C. Circuit Court Bar No. 63865
The Socci Law Firm, PLLC
P.O. Box 14051
Washington, DC 20044
(202) 262-5843
laurence.socci@soccilawfirm.com
Counsel for Appellant
